# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00108-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **GABRIEL ALLEN GOSS,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibit 1 [Doc. 23].

The Defendant, through counsel, moves the Court for leave to file an Unredacted Sentencing Memorandum and Exhibit under seal in this case. For grounds, counsel states that the unredacted portions of the memorandum and exhibit contain detailed sensitive and private personal information concerning the abuse of the Defendant as a child, including information regarding other individuals not a party to this case. [Doc. 23].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 14, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed a redacted version of the memorandum and exhibit that is accessible to the public. [See Docs. 22, 22-1]. Further, the Defendant has demonstrated that the unredacted portions of the memorandum and exhibit contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Unredacted Sentencing Memorandum and Exhibit is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's Unredacted Sentencing Memorandum and Exhibit, the Court finds that the unredacted portions of the Sentencing Memorandum and Exhibit contain case material and information of the

nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an Unredacted Sentencing Memorandum and Exhibit under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Unredacted Sentencing Memorandum & Exhibit 1 [Doc. 23] is **GRANTED**, and the Defendant's Unredacted Sentencing Memorandum [Doc. 24] and Exhibit [Doc. 24-1] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: January 23, 2019

Martin Reidinger
United States District Judge